IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVEN C. FALTERMAYER, )<br>    ) <br>            Plaintiff,  ) <br>    ) <br>v.  ) <br>    ) <br>BILL LOVEWELL, TIM DEINES and  ) <br>CERV'S GAS FACILITY,   ) <br>    ) <br>            Defendant.  ) <br>_____) | **CIVIL ACTION**<br><br>No. 07-1202-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Tim Deines' motion to dismiss. (Doc. 10). The matter has been fully briefed and is ripe for decision. (Docs. 11, 18, 21). Defendant's motion is granted for reasons herein.

**I.  Facts and Procedural History**

On July 14, 2005, plaintiff was arrested by Deines, a deputy sheriff of Ellis County, Kansas, for allegedly stealing gas at Cerv's Gas Facility in Hays, Kansas. That charge was dismissed on October 4, 2005. On July 14, 2007, plaintiff delivered a pro se complaint to the United States Post Office in Grand Junction, Colorado. Plaintiff was informed that the complaint would be delivered to the courthouse on July 16. However, the complaint was delivered and filed on July 17.

Deines asserts that plaintiff's complaint must be dismissed because it is untimely. Plaintiff responds that his complaint was timely or, in the alternative, that the post office was at fault for failing to deliver the complaint on the guaranteed date.

**II.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998).  Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999)(citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp.2d at 1129.

**III. Analysis**

Defendant moves for dismissal on the basis that plaintiff's claims are barred by the applicable statute of limitations.[1]  A

---

[1] In the alternative, Deines asserts that any state law claims against him should be dismissed because plaintiff failed to provide notice in accordance with K.S.A. § 12-105(b).  Plaintiff, however, responds that state law claims have only been asserted against the other defendants and not Deines.  Accordingly, Deines' motion to dismiss on this basis is denied as moot.

federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits, including that state's choice-of-law rules. See ORI, Inc. v. Lanewala, 147 F. Supp.2d 1069, 1078 n. 9 (D. Kan. 2001). Plaintiff has alleged claims against Deines pursuant to 42 U.S.C. § 1983.[2]  For plaintiff's § 1983 claims based on false arrest and false imprisonment, the Kansas Supreme Court has held that the law of the state where the tort occurs controls. See Lemons v. Lewis, 963 F. Supp. 1038, 1050 (D. Kan. 1997)(citing Ling v. Jan's Liquors, 237 Kan. 629, 635, 703 P.2d 731, 735 (1985)). All of the acts alleged by plaintiff occurred in the state of Kansas. Accordingly, Kansas law controls.

Kansas law provides that a claim for § 1983 actions arising in Kansas is two years, under K.S.A. § 60-513(a)(4). Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991).  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Id. Plaintiff was arrested by Deines on July 14, 2005.  Therefore, that is the date that plaintiff's claims arose.  Plaintiff was required to file a complaint by July 14, 2007.  However, since July 14 was a Saturday, the time period to file plaintiff's complaint was extended to Monday, July 16. See State ex rel. Quinn v. Johnson, 19 Kan. App.2d 315, 316-17, 868 P.2d 555, 556 (1994).  Plaintiff's complaint was filed on July 17 and

---

[2] Plaintiff asserts that his initial complaint did not state a § 1983 claim for malicious prosecution against Deines and that he would now like to amend his complaint to add the malicious prosecution claim. (Doc. 18 at 6).  Plaintiff, however, has failed to comply with D. Kan. R. 15.1.  Plaintiff's request to amend his complaint is therefore denied.

-3-

was therefore filed out of time.

Plaintiff asserts that this error cannot be attributed to him since the post office informed him that the complaint would be delivered by 3:00 p.m. on July 16. Plaintiff, however, has not pointed out to the court an exception to the statute of limitations based on neglect by the postal service. It was plaintiff's responsibility to file his complaint in a timely fashion. He has failed to do so.

**IV. Conclusion**

Deines' motion to dismiss is therefore granted. (Doc. 10).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __8th__ day of November 2007, at Wichita, Kansas.

                                                s/ Monti Belot
                                                Monti L. Belot
                                                UNITED STATES DISTRICT JUDGE